**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000832
30-APR-2019
08:14 AM**

NO. CAAP-17-0000832

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
JAMES MONTGOMERY, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 16-1-1076 (1PC161001076))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals from the Order Denying Hawaiian Humane Society's Requested Restitution (Order Denying Restitution), filed on October 16, 2017, in the Circuit Court of the First Circuit (circuit court).[1]

On July 5, 2016, Defendant-Appellee James Montgomery (Montgomery) was charged by indictment with: Count 1, Cruelty to Animals in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 711-1108.5(1)(a) (2014); and Count 2, Cruelty to Animals in the Second Degree, in violation of HRS § 711-1109(1)(b) (2014).

On appeal, the State contends that the circuit court erred in failing to order Montgomery to make restitution to HHS. The State challenges the following conclusions of law in the circuit court's Order Denying Restitution:

> 1.  The Hawaiian Humane Society ("HHS") does not fall under the definition of "victim" pursuant to H.R.S. § 706-

---

[1]   The Honorable Shirley M. Kawamura presided.

646(d) regarding the facts of this case.

2. HHS did not impound, hold, or receive custody of the animals pursuant to H.R.S. §§ 711-1109.1, 711-1109.2 or 711-1110.5. Instead HHS received all the animals in this case pursuant to animal surrender agreements.

3. The plain language of 706-646, obligates HHS to satisfy the requisites outlined in H.R.S §§ 711-1109.1, 711-1109.2 or 711-1110.5, before recovering restitution as a "victim" in this case. The agreements to surrender the animals signed by HHS and MONTGOMERY in this matter, contractually "waive[d] and release[d] such claims against MONTGOMERY for monetary recovery pursuant" to H.R.S §§ 711-1109.1, 711-1109.2 or 711-1110.5. See Exhibit "C," paragraph 2 of the "Animal Surrender Agreement."

"A trial court's conclusions of law are reviewed *de novo* under the right/wrong standard." State v. Adler, 108 Hawai'i 169, 174, 118 P.3d 652, 657 (2005) (citation omitted).

The State first argues that the plain language of HRS § 706-646 does not create a statutory requirement that HHS impound, hold, or receive custody of a pet animal pursuant to HRS §§ 711-1109.1, 711-1109.2, or 711-1110.5 to be considered a "victim." The State contends that instead of requiring affirmative conduct by an entity, the reference to HRS §§ 711-1109.1, 711-1109.2, or 711-1110.5 only acts as providing a "standardized definition" for what constitutes a "victim" under the section. The State further purports that even if the language imposes a requirement for affirmative conduct, it only applies to the hypothetical entity of a duly incorporated society for the prevention of cruelty to animals, which is distinct from and inapplicable to HHS. The State then argues that even if such a statutory requirement exists and applies to HHS, HHS met that requirement and thus was entitled to recover restitution.

We first address what requirements must be met for an entity to be considered a "victim" under the language of HRS § 706-646(1)(d) (2014). HRS § 706-646(1)(d) provides:

§706-646 Victim restitution. (1) As used in this section, "victim" includes any of the following:

. . .

(d) Any duly incorporated humane society or duly incorporated society for the prevention of cruelty to animals, contracted with the county or State to enforce animal-related statutes or ordinances, that impounds, holds, or receives custody of a pet animal pursuant to section 711-1109.1, 711-1109.2, or 711-1110.5; provided that this section does not apply to costs that have already been contracted and provided for by the counties or State.

2

We read the plain language of HRS § 706-646(1)(d) as establishing a category of "victim" that must meet three requirements to be entitled to restitution.  The entity must: (1) be a "duly incorporated humane society or duly incorporated society for the prevention of cruelty to animals"; (2) be "contracted with the county or State to enforce animal-related statutes or ordinances"; and (3) "impound[], hold[], or receive[] custody of a pet animal pursuant to [HRS] section 711-1109.1, 711-1109.2, or 711-1110.5[.]"  If any of these factors are not met, the entity is not classified as a "victim" and not entitled to restitution under HRS § 706-646(1)(d).[2]

We next address whether HHS met the requirements to be classified as a "victim" under HRS § 706-646(1)(d).  In this case, the parties dispute whether HHS acted pursuant to HRS § 711-1109.1 (Supp. 2015).[3]  The State contends that HHS acted

---

[2]     Our plain language reading of HRS § 706-646(1)(d) is further supported by the House Standing Committee Report on the bill that added humane societies as a classification of "victim" for purposes of restitution.  House Bill No. 235 (H.B. No. 235) was introduced in the Hawaiʻi legislature in 2013 and enacted into law as Act 207.  2013 Haw. Sess. Laws Act 207, at 649.  The Committee on Judiciary and Consumer Protection & Commerce amended the bill by "[l]imiting the applicability of the new category of 'victim' to those societies that impound, hold, or receive custody of a pet animal pursuant to only three specified sections in the criminal laws relating to offenses against public order concerning animal cruelty[.]"  H. Stand. Comm. Rep. No. 719, in 2013 House Journal, at 1153-54.  Thus, the legislature specifically intended that an entity must act pursuant to HRS § 711-1109.1, 711-1109.2, or 711-1110.5 to be considered a "victim" under this subsection.

[3]     HRS § 711-1109.1 provides:

§711-1109.1 Authority to enter premises; notice of impoundment of animal; damage resulting from entry.  (1) If there is probable cause to believe that a pet animal or equine animal is being subjected to treatment in violation of section 711-1108.5, 711-1109, 711-1109.3, 711-1109.6, or 711-1109.35, as applicable, a law enforcement officer, after obtaining a search warrant, or in any other manner authorized by law, may enter the premises where the pet animal or equine animal is located to provide the pet animal or equine animal with food, water, and emergency medical treatment or to impound the pet animal or equine animal.  If after reasonable effort, the owner or person having custody of the pet animal or equine animal cannot be found and notified of the impoundment, an impoundment notice shall be conspicuously posted on the premises and within seventy-two hours after posting, the notice shall be sent by certified mail to the address, if any, from which the pet animal or equine animal was removed.

(2)  A law enforcement officer is not liable for any damage resulting from an entry under subsection (1), unless the damage resulted from intentional or reckless behavior on behalf of the law enforcement officer.

pursuant to HRS § 711-1109.1 when an HHS investigator entered Montgomery's premises with probable cause, viewed the contents of a trash can in plain view and with a tenant's consent, saw that there was a dog in a state of medical necessity, and transported the dog to receive emergency medical treatment. Montgomery responds that HRS § 711-1109.1 requires HHS to have impounded the dog. Montgomery further contends that HHS did not impound the dog because Montgomery had surrendered the dog to HHS pursuant to an Animal Surrender Admissions Form (Surrender Form) before HHS transported the dog off the premises and any expenses were incurred for its care.

According to the HHS investigator's testimony, Montgomery executed a Surrender Form and agreed to surrender the dog to HHS before the dog was taken to the HHS shelter for medical examination. The Surrender Form stated:

> I, James Montgomery, declare that I am the legal and rightful owner of the above animal. I hereby surrender this animal to the Hawaiian Humane Society and release all rights and ownership of the animal to the Hawaiian Humane Society. I agree that the final disposition of the animal(s) specified above may include adoption or euthanasia at the discretion of the Hawaiian humane Society.

Upon Montgomery's execution of the Surrender Form, Montgomery relinquished his legal ownership of the dog and HHS received full title and legal ownership of the dog. Montgomery could not incur further costs for the dog after such surrender. Accordingly, any costs incurred by HHS in caring for the dog after Montgomery's surrender cannot be recovered.

Although HHS was generally acting within the authority granted under HRS § 711-1109.1 when it entered the premises after being notified that a pet animal was being subjected to treatment in violation of HRS § 711-1108.5, HHS did not impound, hold, or receive custody of the dog pursuant to HRS § 711-1109.1. Rather, HHS took ownership of the dog pursuant to the Surrender

---

(3) A court may order a pet animal or equine animal impounded under subsection (1) to be held at a duly incorporated humane society or duly incorporated society for the prevention of cruelty to animals. A facility receiving the pet animal or equine animal shall provide adequate food and water and may provide veterinary care.

(4) For purposes of this section, "law enforcement officer" shall have the same meaning as [in] section 710-1000.

4

Agreement.

With these facts, we conclude that HHS did not impound, hold, or receive custody of the dog pursuant to HRS §§ 711-1109.1, 711-1109.2 (court-ordered forfeiture), or 711-1110.5 (surrender or forfeiture upon a defendant's conviction, guilty plea, or plea of nolo contendere for any violation of HRS §§ 711-1108.5, 711-1109, 711-1109.3, 711-1109.6, or 711-1109.35). Thus, the circuit court was correct in concluding as a matter of law that HHS was not a "victim" as defined under HRS § 706-646(1)(d) and did not err in denying HHS's requested restitution.

For the foregoing reasons, we affirm the Order Denying Hawaiian Humane Society's Requested Restitution, filed on October 16, 2017, in the Circuit Court of the First Circuit.

DATED: Honolulu, Hawai'i, April 30, 2019.

On the briefs:

Robert J. Brown
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant.

William A. Harrison
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5